```
                                                    2000 JUL -3  P 1:49

                                                    ............WHYTE
```

MINUTE ENTRY
BARBIER, J.
JULY 3, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ODLAN HOLDINGS, LLC | CIVIL ACTION |
| VERSUS | NO: 00-352 |
| THE CITY OF NEW ORLEANS | SECTION: "J"(4) |

Before the Court is defendant's **Motion to Dismiss Pursuant to Rule 12(b)(6)**. Plaintiff opposes the motion. The motion, set for hearing on May 24, 2000, is before the Court on briefs without oral argument.

In its motion, defendant seeks dismissal of plaintiff's suit on the ground that the claims made therein, which defendants characterize as 5th Amendment takings claims, are not ripe, because plaintiff can, but has not, brought suit in state court to enjoin enforcement of the zoning laws applied to plaintiff's property. Plaintiff, in opposing the motion, disavows any takings claims, but instead, characterizes its grievance as one grounded in the Equal Protection guarantees of the 14th

DATE OF ENTRY
JUL - 3 2000

amendment, contending that its claim is essentially that "the City of New Orleans pursued a policy of racial discrimination in [sic] way it implemented its zoning regulations." Plaintiff's Opp. Memo, 2. Plaintiff also contends that it has stated substantive and procedural due process claims.

## DISCUSSION

The Court has reviewed plaintiff's complaint in detail, and has determined that neither of the views summarized above correctly characterizes the complaint as written. The essence of plaintiff's complaint, as the Court reads it, is that plaintiff contends it was denied meaningful review by the New Orleans City Council of the decision by the City Planning Commission not to grant it a Map Change;[1] a decision which plaintiff feels was arbitrary and capricious. As such, the claim is one for procedural due process.

With respect to the purported equal protection claim, plaintiff has simply not alleged any facts to support the argument that the statute was applied unequally based upon race. While a court considering a motion to dismiss under Rule 12(b)(6) must take the factual allegations as true and view them in the light most favorable to the non-movant, it should not accept as

---

[1] The Map Change petitioned for would have changed the property from an RM-2A Multiple Family Residential District to a B-1A Neighborhood Business District, or alternatively to an RO-1 General Office District, to permit the redevelopment of the property for commercial use as a coffee shop. Complaint, ¶ VI.

2

true conclusory allegations or legal conclusions. <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1105, 103 S. Ct. 729 (1983). Thus, plaintiff's conclusory allegations regarding violation of equal protection rights are subject to dismissal. With respect to the substantive due process claim, plaintiff also fails to state a claim upon which relief may be granted.

*Substantive Due Process*

While guarantees of substantive due process prohibit the deprivation of a property interest for an improper motive by means that are pretextual, arbitrary and capricious, and lack a rational basis, "a typical zoning dispute represents infertile grounds for lawsuits based on substantive due process claims." <u>Hartland Sportsman's Club v. Town Delafield</u>, 35 F.3d 1198, 1199-1200 (7th Cir. 1994); see also <u>PFZ Properties v. Rodriquez</u>, 928 F.2d 28 (1st Cir. 1991). This is because it is a rare case in which a plaintiff can satisfy the elements of a substantive due process claim in a zoning dispute - that is, the existence of (1) "a constitutionally protected property or liberty interest, and (2) arbitrary and capricious government conduct." <u>Standard Materials v. City of Slidell</u>, 700 So. 2d 975, 985 (La. App. 1st Cir. 1997); see also <u>Crowley v. Courville</u>, 76 F.3d 47, 51 (2d Cir. 1996). "In the zoning context, a property interest requires more than a `unilateral expectation' that a permit or license

will be issued; instead, there must be a legitimate claim of entitlement to the benefit in question." Id. at 986 (internal quotations and citations omitted); see also Homeowner/Contractor Consultants, Inc. v. The Ascension Parish Planning and Zoning Commission, 32 F. Supp. 2d 384, 391 (M.D. La. 1999).

"Where a local regulator has discretion with regard to the benefit at issue [in this case, the grant of a Map Change], there is normally no entitlement to that benefit." Gagliardi v. Village of Pawlng, 18 F.3d 188, 192 (2d Cir. 1994).[2] In the case before the court, it is clear that the regulator, the New Orleans City Planning Commission, possesses discretion to grant or deny petitioned for Map Changes.[3] Accordingly, it cannot be said that plaintiff was entitled to the Map Change sought, and thus plaintiff does not possess a cognizable property interest in the Map Change. Therefore, plaintiff cannot state a claim for denial of substantive due process.

---

[2] See also, Homeowner/Contractor Consultants, 32 F. Supp. 2d at 392 ("Even though there was evidence of statements of officials that the building application's approval was forthcoming, the fact that the local review board had discretion to deny RRI's application for the permit was dispositive of the issue.") (citations omitted).

[3] See Complaint, ¶ VII, which quotes the City Planning Commission Historic Non-Conforming Use Policy governing plaintiff's petition, in pertinent part: " As a policy, the City Planning Commission **may** look with favor upon all requests for amendments to the Zoning Ordinance . . . ." (Emphasis added.)

4

## CONCLUSION

What remains of the claims raised in plaintiff's complaint, or referenced as implied therein in subsequent pleadings, is plaintiff's grievance with the nature of the review it received by the New Orleans City Council, which plaintiff alleges "summarily dismissed the requested Map Change without hearing any opposing arguments or rebuttals thereto." Complaint, ¶ XVII. As stated above, this is in the nature of a procedural due process claim.

Whether this procedural due process claim could survive a motion for summary judgment, or even a more pointed motion to dismiss, cannot be determined from the pleadings filed to date; however, it also cannot be determined that the complaint entirely fails to state such a claim. Accordingly;

**IT IS ORDERED** that defendant's **Motion to Dismiss Pursuant to Rule 12(b)(6)** (Rec. Doc. 4) should be and is hereby **GRANTED IN PART**, and to the extent plaintiff's complaint may be construed to imply equal protection claims or substantive due process claims, those claims are **DISMISSED**; in all other respects, the motion is **DENIED**.

* * * * * * * * * *

5