UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ODLAN HOLDINGS, L.L.C. | * | CIVIL ACTION NO. 00-352 |
| | * | |
| VERSUS | * | SECTION "J" |
| | * | |
| CITY OF NEW ORLEANS | * | MAGISTRATE 4 |

\* \* \* \* \* \* \*

## MOTION TO STRIKE FIRST SUPPLEMENTAL, AMENDED AND RESTATED PLEADING OF PLAINTIFF ODLAN HOLDINGS, L.L.C.

**NOW INT COURT,** comes defendant, the City of New Orleans, who moves this court to strike plaintiff's First Supplemental, Amended and Restated Pleading, for the reasons that plaintiff may not amend his pleadings without leave of court once responsive pleadings have been filed by the defendant. Additionally, plaintiff's proposed amendments makes clear that it does not cure the deficiencies of the original pleading and the amended complaint is doomed not to survive a motion to dismiss.

Therefore, the City is entitled to a dismissal of this action against it, pursuant to Fed. R. Civ. P. Rule 15(a), as set forth in the memorandum submitted in support of this motion.

Respectfully submitted,

_____
EDWARD R. WASHINGTON, III, #21135
ASSISTANT CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112
(504) 565-6200

EVELYN F. PUGH #10880
Chief Deputy City Attorney

MAVIS EARLY, #1343
City Attorney

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading has been served on all counsel of record via U. S Mail, postage prepaid, this 21st of December, 2000.

_____
EDWARD R. WASHINGTON, III

G:\LWINHSE\ZONING\ODLAN~1\PLEADI~1\amendopp1.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ODLAN HOLDINGS, L.L.C.** | * | **CIVIL ACTION NO. 00-352** |
| **VERSUS** | * | **SECTION "J"** |
| **CITY OF NEW ORLEANS** | * | **MAGISTRATE 4** |

\* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO FIRST SUPPLEMENTAL, AMENDED AND RESTATED PLEADING

On November 6, 2000 plaintiff, Odlan Holdings, L.L.C. ("Odlan"), filed a First Supplemental, Amended and Restated Pleading. However, this Court had already entered an order dismissing all but one of the claims made by Odlan in its original complaint. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997), interprets Federal Rule of Civil Procedure 15(a) to mean that once the court has entered an order or final judgment, a party's ability to amend of right terminates. Herein, defendant, the City of New Orleans ("City"), filed a responsive pleading in the form of a 12(b)(6) Motion to Dismiss, Odlan filed an opposition memorandum, and the court entered an order dismissing all but Odlan's procedural due process claim. These pleadings constitutes either a responsive pleading which terminates Odlan's amendment of right, or it constitutes an order by the court which also terminates Odlan's ability to amend of right pursuant to *Parnes, supra*.

Alternatively, under *Duda v. Board of Education of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998), a court may reject even an amendment filed prior to receipt of responsive pleading if "examination of the proposed complaint makes clear that it does not cure the deficiencies of the original pleading and the amended complaint is doomed not to survive a

motion to dismiss." Herein, the only **new** issue the amended complaint alleges is a violation of Odlan's Civil Rights, and the reference is a conclusory statement that the City was "manipulated and coerced" into depriving Odlan of its under the Civil Rights Act of 1965 and 1991. Plaintiff's <u>First Supplemental, Amended and Restated Pleading</u>, p. 16, Para. 34 (Nov. 6, 2000). All other issues have been addressed by the previous ruling of this court and/or by the City's second 12(b)(6) Motion to Dismiss filed by the City concerning procedural due process.

As to Odlan's alleged Civil Rights violation, it is just a matter of semantics, i.e. nothing more than Odlan's equal protection claim, restated as a Civil Rights violation claim. It should be noted that by alleging manipulation and coercion of the City by the Garden District Association, Odlan, in essence, acknowledges that the City's actions were taken for race-neutral reasons. Thus, Odlan's remaining allegation is one of disparate impact resulting from the City's actions based upon unsubstantiated beliefs, on the part of Odlan, that there is a darth of minority businesses in that area. Just as this court determined relative to Odlan's equal protection claim, so should it determine relative to Odlan's Civil Rights claim, that is, that Odlan "has simply not alleged any facts to support the argument that the statute was applied unequally based upon race," or that the application of the statute has resulted in a discriminatory disparate impact with respect to minorities, and that the court "should not accept as true conclusory allegations or legal conclusions." *Odlan Holdings v. The City of New Orleans*, No. 00-352, Minute Entry, pp. 2-3 (July 3, 2000).

Therefore, the court should reject Odlan's First Supplemental, Amended and Restated Pleading where it does not cure the deficiencies of the original pleading and the amended complaint

is doomed not to survive a motion to dismiss.

## III.  CONCLUSION:

Based on the above arguments, it is clear that the First Supplemental, Amended and Restated Pleading filed against the defendants by Odlan Holdings, L.L.C., should be dismissed with prejudice, without any further delay.

Respectfully submitted,

_____
EDWARD R. WASHINGTON, III, #21135
ASSISTANT CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112
(504) 565-6200

EVELYN F. PUGH #10880
Chief Deputy City Attorney

MAVIS EARLY, #1343
City Attorney

### CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading has been served on all counsel of record via U. S Mail, postage prepaid, this 21st of December, 2000.

_____
EDWARD R. WASHINGTON, III

G:\LWINHSE\ZONING\ODLAN-~1\PLEADI~1\amendopp1.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ODLAN HOLDINGS, L.L.C.** | * | **CIVIL ACTION NO. 00-0352** |
| | * | |
| **VERSUS** | * | **SECTION "J"** |
| | * | |
| **CITY OF NEW ORLEANS** | * | **MAGISTRATE 4** |

* * * * * * *

### NOTICE OF HEARING

Please be advised that the Honorable Carl J. Barbier will hear the Motion to Strike First Supplemental, Amended and Restated Pleading of Plaintiff Odlan Holdings, L.L.C. pursuant to FRCP 15(a) filed by the defendant, City of New Orleans, on the 17th day of January, 2001 at 9:30 a.m.

Respectfully submitted,

_____
EDWARD R. WASHINGTON, III, #21135
ASSISTANT CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112
(504) 565-6200

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading has been served on all counsel of record via U. S Mail, postage prepaid, this ____ of December, 2000.

_____
EDWARD R. WASHINGTON, III

**EVELYN F. PUGH #10880**
Chief Deputy City Attorney

**MAVIS EARLY, #1343**
City Attorney

G \LWINHSE\ZONING\ODLAN-~1\PLEADI~1\amendopp1.wpd