

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ODLAN HOLDINGS, L.L.C. | * | CIVIL ACTION NO. 00-0352 |
| | * | |
| VERSUS | * | SECTION "B" |
| | * | |
| CITY OF NEW ORLEANS | * | MAGISTRATE 4 |

**THE GARDEN DISTRICT ASSOCIATION'S
COUNTERCLAIM, ANSWER AND AFFIRMATIVE DEFENSES
TO THE COMPLAINT OF PLAINTIFF, ODLAN HOLDINGS, L.L.C.**

NOW INTO COURT, through undersigned counsel, comes The Garden District Association ("GDA"), sought to be made defendant herein who, in accordance with the Federal Rules of Civil Procedure, submits the following response to the allegations made by plaintiff, Odlan Holdings, L.L.C. ("Odlan") in its First Supplemental, Amending and Restated Complaint ("Complaint"):

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff's Complaint fails to establish that this Court has jurisdiction over the subject matter of this dispute.



## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the alleged actions of the Garden District Association are protected by the First Amendment to the United States Constitution and/or the Noerr-Pennington Doctrine.

## FOURTH DEFENSE

AND NOW, in response to the specific allegations of the Complaint, the GDA avers as follows:

1.

The allegations contained in Paragraph I of the Complaint are denied for lack of information sufficient to justify a belief therein.

2.

The allegations contained in Paragraph II of the Complaint do not require an answer by the GDA. However, in the event this Court deems an answer necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

2(a).

The allegations contained in Paragraph II(a) of the Complaint are denied, except to admit that the GDA is a non-profit corporation and is domiciled in the Parish of Orleans, State of Louisiana.

3.

The allegations contained in Paragraph III of the Complaint are denied. The GDA specifically contests that this Court has subject matter jurisdiction over the matters set forth in the Complaint.

2

3(a).

The allegations contained in Paragraph III(a) of the Complaint are denied. The GDA specifically contests that this Court has subject matter jurisdiction over the matters set forth in the Complaint.

4.

The allegations contained in Paragraph IV of the Complaint are denied. The GDA specifically contests that this Court has subject matter jurisdiction over the matters set forth in the Complaint.

4(a).

The allegations contained in Paragraph IV(a) of the Complaint are denied, except to admit that the events alleged in the Complaint took part, in whole or in part, in the Parish of Orleans, State of Louisiana.

5.

The allegations contained in Paragraph V of the Complaint striking Paragraphs V-XXI of plaintiff's original complaint do not require an answer of the GDA. Further answering, the allegations contained in the second Paragraph V of the Complaint (regarding the ownership and management of Odlan) are denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph VI of the Complaint are denied, except to admit that two structures stand on the property located at 2800, 2808 and 2808 1/2 St. Charles Avenue.

7.

The allegations contained in Paragraph VII of the Complaint are denied, except to admit that 2800 St. Charles Avenue was once occupied by a florist.

8.

The allegations contained in Paragraph VIII of the Complaint are denied for lack of information sufficient to justify a belief therein.

9.

The allegations contained in Paragraph IX of the Complaint are denied for lack of information sufficient to justify a belief therein except to admit that a coffee shop and several retail stores operate at the corner of Washington Avenue and Prytania Street.

10.

The allegations contained in Paragraph X of the Complaint are denied, except to admit that Commander's Palace is a restaurant, that the Elms Mansion operates as a reception hall, and that McDonald's is a fast food outlet.

11.

The allegations contained in Paragraph XI of the Complaint are denied for lack of information sufficient to justify a belief therein.

12.

The allegations contained in Paragraph XII of the Complaint are denied for lack of information sufficient to justify a belief therein.

13.

There is no Paragraph XIII in the Plaintiff's Complaint.

14.

The allegations contained in Paragraph XIV of the Complaint are denied. In further answer, the allegations of Paragraph XIV of the Complaint should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as the allegations are immaterial, impertinent and scandalous; offer no substance to the Plaintiff's Complaint; and are included merely to raise irrelevant passions in this matter.

15.

The allegations contained in Paragraph XV of the Complaint are denied. In further answer, the allegations of Paragraph XV of the Complaint should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as the allegations are immaterial, impertinent and scandalous; offer no substance to the Plaintiff's Complaint; and are included merely to raise irrelevant passions in this matter.

16.

The allegations contained in Paragraph XVI of the Complaint are denied for lack of information sufficient to justify a belief therein.

16.

The allegations contained in the second Paragraph XVI of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit that on or about October 4, 1999, Odlan filed a Petition with the New Orleans City Planning Commission for a map change.

16(a).

The allegations contained in Paragraph XVI(a) of the Complaint are denied.

5

16(b).

The allegations contained in Paragraph XVI(b) of the Complaint are denied for lack of information sufficient to justify a belief therein.

16(c).

The allegations contained in Paragraph XVI(c) of the Complaint are denied.

16(d).

The allegations contained in Paragraph XVI(d) of the Complaint are denied for lack of information sufficient to justify a belief therein.

16(e).

The allegations contained in Paragraph XVI(e) of the Complaint are denied.

16(f).

The allegations contained in Paragraph XVI(f) of the Complaint are denied for lack of information sufficient to justify a belief therein.

16(g).

The allegations contained in Paragraph XVI(g) of the Complaint are denied.

16(h).

The allegations contained in Paragraph XVI(h) of the Complaint are denied for lack of information sufficient to justify a belief therein.

16(i).

The allegations contained in Paragraph XVI(i) of the Complaint are denied as written.

17.

The allegations contained in Paragraph XVII of the Complaint are denied as written. To the extent the allegations reference the Administrative Rules, Policies and Procedures of the New Orleans City Planning Commission 33-34 (1999), those Administrative Rules, as written documents, are the best evidence of their contents.

18.

The allegations contained in Paragraph XVIII of the Complaint are denied.

19.

The allegations contained in Paragraph XIX of the Complaint are denied for lack of information sufficient to justify a belief therein.

20.

The allegations contained in Paragraph XX of the Complaint are denied for lack of information sufficient to justify a belief therein.

21.

The allegations contained in Paragraph XXI of the Complaint are denied.

22.

The allegations contained in Paragraph XXII of the Complaint are denied, except to admit that the City Planning Commission released a Preliminary Staff Report relative to Odlan's request for a map change. The Preliminary Staff Report, as a written document, is the best evidence of its contents.

23.

The allegations contained in Paragraph XXIII of the Complaint are denied.

24.

The allegations contained in Paragraph XXIV of the Complaint are denied.

25.

The GDA realleges and reasserts its responses to Paragraphs I-XXIV of the Complaint as if reprinted here in full.

26.

The allegations contained in Paragraph XXVI of the Complaint are denied.

27.

The allegations contained in Paragraph XXVII of the Complaint are denied, except to admit that the GDA opposed the map change request submitted by Odlan to the City Planning Commission.

28.

The allegations contained in Paragraph XXVIII of the Complaint are denied.

29.

The allegations contained in Paragraph XXIX of the Complaint are denied.

30.

The allegations contained in Paragraph XXX of the Complaint are denied, except to admit that Odlan's driveway request for the residential property at 2808 St. Charles Avenue was opposed by the GDA.

31.

The allegations contained in Paragraph XXXI of the Complaint are denied as written.

32.

The allegations contained in Paragraph XXXII of the Complaint are denied for lack of information sufficient to justify a belief therein.

33.

The allegations contained in Paragraph XXXIII of the Complaint are denied.

34.

The allegations contained in Paragraph XXXIV of the Complaint are denied.

35.

The GDA realleges and reasserts its responses to Paragraphs I-XXXIV of the Complaint as if reprinted here in full.

36.

The allegations contained in Paragraph XXXVI of the Complaint are denied.

37.

The allegations contained in Paragraph XXXVII of the Complaint are denied.

38.

The allegations contained in Paragraph XXXVIII of the Complaint are denied.

39.

The allegations contained in Paragraph XXXIX of the Complaint are denied.

40.

The allegations contained in Paragraph XL of the Complaint are denied.

41.

The allegations contained in Paragraph XLI of the Complaint are denied.

## **COUNTERCLAIM**

NOW COMES the Garden District Association ("GDA"), assuming the position of plaintiff in counterclaim, who avers as follows:

I.

Made defendant in counterclaim is original plaintiff, Odlan Holdings, L.L.C. ("Odlan"), a limited liability company domiciled in the Parish of Orleans, State of Louisiana.

II.

To the extent that this Court has jurisdiction over the primary claim asserted by Odlan, it has jurisdiction over this counterclaim pursuant to 28 U.S.C.A. § 1343 and § 1367. Additionally, venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 as defendant in counterclaim is a resident of this district.

III.

Odlan has filed a Complaint in which it has made claims that the GDA has violated its civil rights under 42 U.S.C.A. § 1981, 1982, 1983, and 1985 (the "Civil Rights Allegations").

IV.

The Civil Rights Allegations are frivolous, unreasonable, and groundless.

V.

The GDA has been required to retain an attorney to defend itself from the Civil Rights allegations asserted by Odlan.

VI.

The GDA is entitled to an award pursuant to 42 U.S.C.A. § 1988 in the amount of attorney fees and other costs incurred by it as a result of the frivolous, unreasonable, and groundless Civil Rights allegations contained within Odlan's Complaint.

WHEREFORE, the Garden District Association prays that after due proceedings are had, that this Court enter judgment in its favor and against plaintiff, Odlan Holdings, L.L.C., dismissing the Complaint in full and at plaintiff's cost, and for all other legal and equitable relief to which it is entitled. Additionally, the Garden District Association prays that after due proceedings are had, this Court render judgment in its favor and against plaintiff, Odlan Holdings, L.L.C. on its Counterclaim and award the Garden District Association its reasonable attorney fees and costs incurred in defending the frivolous, unreasonable, and/or groundless allegations asserted by Odlan Holdings, L.L.C.

PREAUS, RODDY & KREBS, L.L.P.

_____
DAVID J. KREBS, T.A. (1466)
THOMAS M. BEH (24168)
Suite 1650, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Telephone: (504) 523-2111

ATTORNEYS FOR GARDEN DISTRICT ASSOCIATION

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __4__ day of January, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed and first class postage prepaid.

_____
David J. Krebs