FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 23 PM 3: 19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ODLAN HOLDINGS, L.L.C. | * | CIVIL ACTION 00-0352(J)(4) |
| | * | |
| V. | * | JUDGE CARL BARBIER |
| | * | |
| THE CITY OF NEW ORLEANS | * | MAG. JUDGE KAREN WELLS ROBY |
| AND THE GARDEN DISTRICT | * | |
| ASSOCIATION | * | |

**THE MOTION TO DISMISS OF THE GARDEN
DISTRICT ASSOCIATION**

NOW INTO COURT, through undersigned counsel, comes defendant, the Garden District Association (the "GDA"), who, in accordance with Rule 12 of the Federal Rules Civil Procedure, files this motion to dismiss for failure to state a claim. As fully described in the memorandum in support filed herewith, the First Supplemental, Amending and Restated Complaint ("Amended Complaint") filed by the Plaintiff, Odlan Holdings, L.L.C. fails state a valid claim against the GDA as no liability can be established from the lobbying efforts of the GDA as all contacts between the GDA and the City Planning Commission and/or the New Orleans City Council are protected activities under the First Amendment of the United States Constitution. Further, the Amended Complaint fails to state claim as the conclusory factual and legal allegations are insufficient as a matter of law. As such, all claims asserted against the GDA in the Amended Complaint should be

__Fee__
__Process__
X Dktd
__CtRmDep__
Doc.No. 21

dismissed.

ACCORDINGLY, the Garden District Association prays that this Honorable Court grant the current motion and dismiss the claims asserted against it by Odlan Holdings. L.L.C, in the First Supplemental, Amending and Restated Complaint with prejudice and at plaintiff's costs.

        PREAUS, RODDY & KREBS

        _____
        DAVID J. KREBS, T.A. (Bar No. 1466)
        THOMAS M. BEH (Bar No. 24018)
        Suite 1650, Poydras Center
        650 Poydras Street
        New Orleans, LA 70130
        Telephone (504) 523-2111

        ATTORNEYS FOR THE GARDEN DISTRICT ASSOCIATION

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of January, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed and first class postage prepaid.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ODLAN HOLDINGS, L.L.C.** | * | **CIVIL ACTION 00-0352(J)(4)** |
| | * | |
| V. | * | **JUDGE CARL BARBIER** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | **MAG. JUDGE KAREN WELLS ROBY** |
| **AND THE GARDEN DISTRICT** | * | |
| **ASSOCIATION** | * | |

## MEMORANDUM IN SUPPORT OF THE MOTION
## OF THE GARDEN DISTRICT ASSOCIATION TO DISMISS

**MAY IT PLEASE THE COURT:**

The Garden District Association ("GDA") present this memorandum in support of its motion to dismiss, in accordance with Rule 12 of the Federal Rules of Civil Procedure, the First Supplemental, Amending and Restated Complaint ("Amended Complaint") filed by the Plaintiff, Odlan Holdings, L.L.C. ("Odlan").

As fully described below, the Amended Complaint fails to state a valid claim against the GDA for several reasons. First, the allegations of the Amended Complaint fail to state a claim because no liability can be established from the lobbying and/or petitioning of public officials by the

1

GDA, as such contacts are protected activities under the First Amendment of the United States Constitution. In essence, the Amended Complaint asserts that the GDA lobbied, persuaded, or encouraged the City Planning Commission and/or the New Orleans City Council to deny Odlan's request for a map change. However, such actions — i.e. the lobby of public officials — are protected by the First Amendment to the United States Constitution and cannot be the basis of liability.

Beyond the protections provided for this type of activity by the First Amendment, this Court has previously addressed and rejected the Plaintiff's claims of violations of their substantive due process rights and their right to equal protection as made against the City. The Plaintiff's claims against the GDA in the Amended Petition are based on substantively identical allegations, only now they are asserted against the GDA as well as the City of New Orleans. These allegations should be rejected again as the Amended Complaint's conclusory factual and legal allegations are insufficient to state a cause of action.

## **FACTS**

While the disposition of this motion turns on narrow and well established principles of law, it might be helpful to this Court to provide a brief background of the dispute in order to place the issues in context.

The GDA is a not-for-profit neighborhood association organized by residents of the Garden District. The GDA's main objective is the protection of the residential character of the Garden District and it takes an active role in opposing expanding the commercial development of the Garden District. The GDA regularly voices its concerns on such issues to the appropriate governmental bodies, including the New Orleans Department of Safety and Permits, the City Planning Commission, and the New Orleans City Council. The GDA has no authority to make any

determinations on zoning or use issues, its sole function is that of an advocate for the protection of the residential nature of the Garden District.

Odlan purchased those properties located at 2800 through 2808 ½ St. Charles Avenue (the "Property") apparently with the intention of opening a coffee shop at that location.[1] This Property, located at the corner of Washington and St. Charles Avenue, previously was operated as a florist.[2] However, the Property is zoned RM-2A, Multiple Family Residential District, allowing only residential use.[3] Odlan and the GDA had some discussions regarding the development of the Property, but the concerns of the GDA were not adequately addressed.[4] Apparently recognizing that the present zoning of the Property did not allow the operation of a coffee shop, Odlan applied to the City Planning Commission ("CPC") for a "map change" seeking to alter the zoning for the Property to B-1A (Neighborhood Business District) or alternatively to an RO-1 (General Office District).[5] These "map changes" would allow commercial use of the Property. The GDA opposed Odlan's petition to the CPC.[6] The CPC denied Odlan's petition.[7] On appeal to the New Orleans City

---

[1] See Amended Complaint, ¶VXVI.

[2] See Amended Complaint, ¶VII.

[3] See Amended Complaint, ¶XVI. See also, Minute Entry, dated July 3, 2000, in "Odlan Holdings, L.L.C. v. City of New Orleans", Civil Action No. 00-352, USDC, EDLa, Section (J)(4) ("July 3, 2000 Minute Entry"), fnt. 1.

[4] See Amended Complaint, ¶XVI(a).

[5] See Amended Complaint, ¶XVI.

[6] See Amended Complaint, ¶XVI(i).

[7] See Amended Complaint, ¶XXIII.

Council ("City Council"), the CPC's determination was upheld. These actions were taken solely by the CPC and the City Council. The GDA has no power to make any such determinations.

Thereafter, Odlan filed this lawsuit, initially naming only the City of New Orleans ("City") as a defendant, and alleging violations of its right to equal protection under the law, substantive due process and procedural due process. The City responded to these allegations by filing a motion to dismiss, asserting that Odlan's original complaint failed to state a cause of action. This Court largely agreed and dismissed the equal protection and substantive due process claims raised by Odlan.[8] The Court did not dismiss Odlan's procedural due process claims, but questioned whether these claims would survive a more pointed motion to dismiss or a motion for summary judgment on that issue.[9]

Thereafter, Odlan filed its Amended Complaint.[10] Through this pleading, Odlan attempts to state a cause of action against the GDA, and to reassert its equal protection claims against the City. The Amended Complaint seeks to hold the GDA liable for violations of its rights to equal protection and due process based solely on the GDA's lobbying of the CPC and the City Council to deny Odlan's Petition. In essence, the Amended Complaint alleges that the GDA's opposition to Odlan's development was based on some racial animus against minority owned businesses in the Garden District and that the GDA "conspired with," "manipulated" or "coerced" the CPC and the City

---

[8] See July 3, 2000 Minute Entry.

[9] Id.

[10] The City has filed a Motion to Strike the First Supplemental, Amended and Restated Complaint ("Motion to Strike"), asserting that the Amended Complaint should be stricken because Odlan failed to seek leave of court to file this pleading and the amendment is ineffective to cure the original complaint's failure to state a claim. The GDA joins in the City's Motion to Strike to the extent that the Amended Complaint fails to state a cause of action.

4

Council in the denial of Odlan's petition. However, as fully described below, these claims are insufficient as a matter of law to state a claim against the GDA.

## ARGUMENT

I. **THE GDA'S ACTIONS IN PETITIONING OR LOBBYING A GOVERNMENTAL AGENCY ARE PROTECTED BY THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND CANNOT BE THE BASIS FOR ANY CLAIMS.**

None of the actions alleged to be in violation of Odlan's civil rights — i.e. the rejection of Odlan's petition by the CPC and the City Council's affirmance of that rejection — were actions of the GDA. Rather, all the actions actually complained of were done by public officials/entities in their official capacities. The only allegations that Odlan make against the GDA are that the GDA "encouraged" the CPA and the City Council to deny Odlan's petition. However, a private citizens petitioning of a public official for an action is specifically protected by the First Amendment of the United States Constitution and cannot be the basis of any liability.

The United States Supreme Court developed the *Noerr-Pennington* doctrine to protect just this type of speech. This doctrine, in essence, mandates that private parties who petition the government for governmental action favorable to them cannot be prosecuted under federal antitrust law, regardless of motivation. See Video International Production, Inc. v. Warner-Amex Cable Communications, Inc., 858 F.2d 1075 (5th Cir. 1988); See Eastern Railroad, President Conference v. Noerr Motor Freight, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961) and United Mine Workers v. Pennington, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965). As the Fifth Circuit stated in Video International, "the point of the *Noerr-Pennington* doctrine is to protect private parties when they petition the government for laws or interpretation of its existing laws even though those parties are pursuing those goals for anti-competitive intent." 858 F.2d at 1083.

Although the *Noerr-Pennington* doctrine was originally applied in the antitrust context, it has been applied to protect First Amendment petitioning of the government from claims brought under federal and state laws, including federal civil rights laws. See Bayou Fleet, Inc. v. Alexander, 68 F.Supp.2d 734 (E.D.La. 1999), aff'd 2000 WL 1752836 (5th Cir., 11/20/2000). It also protects individuals from liability under the Louisiana Unfair Trade Practices Act, 51: 1401, et seq. Id.

Courts have specifically determined that private persons petitioning public officials for the enforcement of zoning ordinances are protected under the *Noerr-Pennington* doctrine. See Video International, supra; Bayou Fleet, Inc. v. Alexander, supra; and, Bayou Fleet, Inc. v. Alexander, 26 F.Supp.2d 894 (E.D.La. 1998). In Video International, the Fifth Circuit specifically affirmed the trial court's granting of a j.n.o.v. overturning a jury's finding of liability based on a party's right to petition a government official, irrespective of motive. Id.

The following passage from the Judge Mentz's opinion in Bayou Fleet, in which the plaintiff, Bayou Fleet, asserted a §1983 claim against Clulee as defendants, is instructive:

> Bayou Fleet has accused the Clulee defendants of lobbying and influencing state and federal officials in private meetings, telephone calls, letters and public hearings to deny permits, revoke Bayou Fleet's non-conforming use, and enact ordinances and resolutions all designed to put Bayou Fleet out of business. Pursuit of that goal using the administrative and legislative channels and procedures that the Clulee defendants did was within their First Amendment rights. Their actions are nothing more than protected First Amendment activity to procure favorable government actions. They have the right to advance their opinions to government officials about Bayou Fleet's or RAC's business, whatever the underlying motive.

Bayou Fleet, 68 F.Supp.2d at 744. See Also, Barnes Foundation v. Township of Lower Merion, 927 F.Supp. 874 (E.D.Pa. 1996)(allegations of racial animus do not preclude protection under *Noerr-Pennington* Doctrine for lobbying activities.)

6

In this matter, the sole allegation raised against the GDA is that it petitioned the CPC and/or City Council to deny Odlan's request for a map change to rezone the Property. Such actions cannot be the basis of liability. The right to petition one's government officials is the essence of a citizen's rights under the Constitution and is explicitly protected by the First Amendment to the United States Constitution. While the GDA specifically rejects the unsupported and libelous allegations of racial animus contained with in the Amended Complaint, even if true these allegations are not sufficient to place the GDA's actions outside the protection of the First Amendment and the *Noerr-Pennington* doctrine. See Barnes Foundation v. Township of Lower Merion, supra. Consequently, Odlan's assertion of liability against the GDA -- which are based solely on the GDA's petitioning of governmental officials, i.e. the CPC and the City Council -- must be rejected.

**II.     The Amended Complaint Fails to State A Cause Of Action Against the GDA.**

Setting aside the protections offered to citizens lobbying of their governmental officials under the *Noerr-Pennington* doctrine, the claim asserted by Odlan's Amended Complaint fail to state a cause of action against the GDA and must be dismissed because these allegations: (1) are simply the restated claims of unequal treatment previously dismissed by the Court; (2) fail to sufficient assert a conspiracy; and (3) are based on totally unsupported and baseless claims of racial animus.

**A.     The Amended Complaint's Civil Rights Allegations are Simply the Previously Dismissed Equal Protection Claims Dressed in New Clothes.**

The claims being raised through the Amended Complaint are simply the re-assertion of those claims previously dismissed by this Court. In the July 3rd, 2000 Minute Entry, this Court stated as follows:

> With respect to the purported equal protection claim, plaintiff has simply not alleged any facts to support the argument that the statute was applied unequally based upon

7

race. While a court considering a motion to dismiss under Rule 12(b)(6) must take the factual allegations as true and view them in the light most favorable to the non-movant, it should not accept as true conclusory allegations or legal conclusions.

Id., citing Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert denied, 459 U.S. 1105, 103 S.Ct. 729 (1983). In the Amended Complaint, no significant additional factual allegations have been made. Rather, Plaintiff again bases its allegations on factual and legal conclusions which are simply insufficient to support the claims made. [11]

**B.    The Amended Complaint Fails to State Sufficient Facts to Support its Claim of Conspiracy.**

Odlan purports to assert a claim of conspiracy between the GDA and the City to violate its rights. However, the Amended Complaint fails to assert any factual basis for this claim. In order to allege a conspiracy, the acts of the alleged conspirators must show a "unity of purpose, common design, and understanding, or meeting of the minds in an unlawful arrangement." Hale v. Townly, 19 F.3d 1068 (5th Cir. 1994). The petitioning of a government official to take some action is not alone sufficient to allege a conspiracy. Id., See also, Scott v. Greenville County, 716 F.2d 1409 (4th Cir. 1983)(recognizing that "even overtly biased citizens who write letters, speak up at public meetings, or even express their prejudices at private meetings with public officials without

---

[11] Insofar as the Amended Complaint purports to raise a claim against the GDA under 42 U.S.C.A. §1983, this claim should be dismissed as a matter of law. The Amended Petition makes no claim that any action by the GDA was taken "under color of state law." To state a cause of action under 42 U.S.C.A. § 1983, a claimant must show (1) that he has been deprived of a right secured by the Constitution and the law of the United States and (2) that the deprivation *was caused by persons acting under the color of state law*. Bass v. Parkwood Hospital, 180 F.3d 234 (5th Cir. 1999)(emphasis added.) Absent such allegations, no claim for a violation of that statute can be made.

formulating a joint plan or action are not conspiring with those officials in a way that subjects them to §1983 liability.")

In this case, there is no evidence of any "meeting of the minds" between the City and the GDA. All that Odlan has pled is flat conclusory allegations that the GDA conspired with the City. Odlan has not alleged any agreement between the City and the GDA, nor has it alleged the facts of any contact between the City and the GDA. The totality of the alleged "conspiracy" is outlined in Paragraphs XXXII and XXXIV of the Complaint which state as follows:

> XXXII
> On information and belief, the opposition of the GDA and the voice it had with the CPC led to the rejection of the requested Map Change by the CPC and the Council.
> XXXIV
> Upon information and belief, the Garden District, with its disparate attitude towards the minority-owned Odlan, manipulated and coerced the CPC and the City Council to deny the minority- owned Odlan's request for a Map Change differently from its treatment of other non-minority owned businesses in the Garden District. This combination deprived Odlan of its right to equal treatment under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1965 and 1991.

In Paragraph XXXVI of the Amended Complaint, Odlan asserts that "the GDA ... did use its influence with the CPC and the City Council to obtain the rejection of Odlan's requested Map Change."

That the GDA opposed Odlan's petition or that it lobbied the CPC or the City Council to deny Odlan's petition is not evidence of a conspiracy. Rather, to allege a conspiracy, Odlan must indicate some meeting of the minds or agreement between the GDA and either the CPC or the City Council to violate its rights. This did not happen and has not been alleged. The only action that has been alleged -- the opposition by the GDA to the request for a map change — is clearly protected

by the First Amendment of the United States Constitution and cannot be the basis of a claim of conspiracy. Consequently, the allegations of the Amended Complaint are simply insufficient to show any "conspiracy" to violate Odlan's civil rights and must be dismissed.

### C. The Allegations of Conspiracy Based on Racial Animus Are Unfounded, Unsupported and Cannot Support the Claims Asserted.

The alleged basis of the civil rights claims of Odlan is that the GDA was motivated by some animus toward African-Americans. Initially, the GDA emphatically denies that any such animus exists and it takes strong exception to these allegations. But setting that aside, the assertions of the Amended Complaint are insufficient to state a claim even if true. In essence, the Amended Complaint alleges that the GDA lobbied the CPC and the City Council to reject Odlan's request for a map change. However, the only statements regarding any alleged racial animus are based on vague, irrelevant and unsupported assertions. The only claims of racial animus in the Amended Complaint relate to either events of one hundred and fifty years ago (Paragraph XIV), to unsupported and non-specific claims of events in the Garden District without reference to the GDA (Paragraph XV); statements on information and belief that a former-GDA officer made some statement "years ago" without any connection to the present matter (Paragraph XVI(e)); and flatly conclusory allegations of racial animus (Paragraphs XXXIII and XXXIV).

These allegations are not sufficient to be the basis of any claim that the GDA acted because of some racial animus. At no time does the Amended Complaint make any connection or reference to any event, fact, statement, or other action by the GDA or a member of the GDA to support the claim that the GDA objected to Odlan's petition for a map change on racial reasons. The reason for this is that no such action occurred and that the GDA has no such racial animus. However, even

assuming that the assertions of the Amended Complaint are true, they are not sufficient to support a cause of action against the Garden District. <u>See Copeland v. Northwestern Memorial Hospital</u>, 964 F.Supp. 1225 (N.D.Ill. 1997) (Allegations and proof of racial animus are element of claim under §1985). As such, the claims of the Amended Complaint should be dismissed.

## **CONCLUSION**

As fully stated above, the Amended Complaint filed by Odlan fails to state a valid cause of action against the GDA and should be dismissed. All of the actions alleged to have caused injury to Odlan — i.e. the lobbying and appearing before public officials and entities — are the essence of a citizen's right to petition its government officials and are protected by the First Amendment to the United States Constitution. Further, even setting aside this protection, the allegations of the Amended Complaint do not validly assert the elements of a conspiracy and have previously been rejected by this Court. Finally, the allegations of any racial animus on the part of the GDA are completely baseless and are not sufficient to support the claims asserted. Accordingly, the GDA requests this Court to grant the current motion and dismiss the claims made against it in the First Supplemental, Amending and Restated Complaint filed by Odlan Holdings L.L.C. in this matter.

PREAUS, RODDY & KREBS

_____
DAVID J. KREBS, T.A. (Bar No. 1466)
THOMAS M. BEH (Bar No. 24018)
Suite 1650, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Telephone (504) 523-2111

ATTORNEYS FOR THE GARDEN DISTRICT ASSOCIATION

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 23rd day of January, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed and first class postage prepaid.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ODLAN HOLDINGS, L.L.C. | * | CIVIL ACTION 00-0352(J)(4) |
| | * | |
| V. | * | JUDGE CARL BARBIER |
| | * | |
| THE CITY OF NEW ORLEANS | * | MAG. JUDGE KAREN WELLS ROBY |
| AND THE GARDEN DISTRICT | * | |
| ASSOCIATION | * | |

## NOTICE OF HEARING

Please take notice that defendant, the Garden District Association, will bring for hearing its Motion to Dismiss in the captioned matter on the 14th day of February, 2001, at 9:30 a.m. before the Honorable Carl J. Barbier, United States District Court for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana, 70130.

PREAUS, RODDY & KREBS

_____
DAVID J. KREBS, T.A. (Bar No. 1466)
THOMAS M. BEH (Bar No. 24018)
Suite 1650, Poydras Center
650 Poydras Street
New Orleans, LA 70130
Telephone (504) 523-2111

ATTORNEYS FOR THE GARDEN DISTRICT ASSOCIATION

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 23rd day of January, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed and first class postage prepaid.

_____