

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 MAR 26 PM 4:40
MAR 26 2001
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ODLAN HOLDINGS, L.L.C. | * | CIVIL ACTION NO. 00-352 |
| VERSUS | * | SECTION "J" |
| CITY OF NEW ORLEANS | * | MAGISTRATE 4 |

* * * * * * *

**REPLY MEMORANDUM TO SUPPLEMENTAL BRIEF IN OPPOSITION TO CONVERTED MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

In response to the Supplemental Brief in Opposition to Converted Motion for Summary Judgment filed by plaintiff, Odlan Holdings, L.L.C., the City of New Orleans respectfully represents as follows:

1. **The City of New Orleans adequately posted notice of the City Planning Commission meeting at which Defendants zoning change was considered.**

Plaintiff points out that the information sheet used by the City to track zoning proposals indicates that the City "apparently" failed to post the signs within the affected area as required by

statute[1]. However, the information sheet relative to posting notice is simply blank and does not affirmatively indicate that the City did not post notice. This is an internal tracking system which and the City has discontinued for the past 4 years[2]. Therefore, the blank space on the information sheet or absence of an indication of whether or not notice was posted, is not a determining factor of whether or not notice was actually posted.

Odlan's request for a zoning change, which is the subject of this litigation, was designated as Zoning Docket 88/99. As part of the City Planning Commission's (CPC) routine and standard operating procedures, it (1) generates a sign giving notice of the hearing on the zoning docket, (2) generates a map on which the area where the property identified in the zoning docket is located and identifies on that map, where the signs are to be posted, and (3) generates and transmits a memorandum, which includes the sign and map, to the Department of Safety and Permits instructing them to post the signs at the locations indicated on the map. In the instant case, the signs were generated[3], the map was generated including "x" marks to identify the sign locations[4], and the transmittal memorandum was sent from the City Planning Commission to The Department of Safety and Permits instructing them to post the notices[5] The signs were posted by Jason Jee, Inspector, Department of Safety and Permits.[6]

---

[1] See Plaintiff's Supplemental Brief in Opposition to Converted (sic) Motion for Summary Judgment, pp 9 (January 26, 2001)

[2] See Exhibit 1 (Affidavit of Geraldine Gant, Clerk IV, City Planning Commission (March 7, 2001)

[3] See Exhibit 2 (Sign giving notice of the hearing relative to zoning docket 88/99).

[4] See Exhibit 3 (Map indicating where the signs are to be posted).

[5] See Exhibit 4 (Memorandum from Kristina Ford, Executive Director, City Planning Commission, to Paul May, Director of the Department of Safety and Permits (September 28, 1999).

[6] See Exhibit 5 (Affidavit of Jason Jee, Inspector, Department of Safety and Permits (February 23, 2001)

2. **As a matter of law, it is not a requirement of either the City Code or Louisiana state law that notice of zoning changes be posted.**

Plaintiff cites the City Code, specifically, Comprehensive Zoning Ordinance (CZO) Article 15, § 2.9, which requires that notice be posted[7]. However, that Article and the entire CZO was amended in 1996, and the requirements for posting notice provide for an exception. The current CZO article relative to posting notice now in effect, Article 16, § 9.2, provides that notice in the Official Journal (the Times Picayune) <u>only</u>, would provide sufficient legal notice and that the deficiencies in the posting of notice would not invalidate the action taken by the New Orleans City Council[8]. Therefore, the City, as a matter of law, would not have violated its own rules, as plaintiff contends, by failing to post notice of the CPC hearing relative to Odlan's property. Moreover, plaintiff cites the state law requiring notice, Louisiana Revised Statute 37:4724, which also only requires that notice be published once a week, in three different weeks, fifteen days prior to the hearing. It is undisputed that the City complied with the state law[9].

Moreover, the CPC mailed 28 notice letters to properties in and around the Odlan property which provided additional notice to interested parties[10], and there was substantial news coverage of this zoning change in the Times Picayune newspaper.

Therefore, as a matter of law, the failure to post notice of a CPC hearing does not constitute a violation of plaintiff's due process rights.

---

[7] See Plaintiff's Supplemental Brief in Opposition to Converted (sic) Motion for Summary Judgment, pp. 5-6 (January 26, 2001).

[8] See Exhibit 6 (Excerpt from the Comprehensive Zoning Ordinance, former Article 15, § 2 9) and Exhibit 7 (Excerpt from CZO Article 16, § 9 2)

[9] See Plaintiff's Supplemental Brief in Opposition to Converted (sic) Motion for Summary Judgment, pp 4-5 (January 26, 2001).

[10] See Exhibit 8 (Copies of notice letters mailed to neighbors in the immediate vicinity of defendant's property).

3. **The City Accurately Described the Type of Zoning Restriction it Would Consider at the Initial CPC Meeting.**

The advertised zoning change is that which was applied for by the applicant, Odlan. The staff, after considering all relevant zoning laws, prior zoning history in the area, the Master Plan, and other relevant information always and routinely makes a recommendation to the CPC. Sometimes that recommendation is exactly what the applicant has applied for. Sometimes it is for a flat out denial of the zoning change, and sometimes the staff recommends an alternative zoning change that may be equivalent to a denial or equivalent to an approval for the applicant -- depending on the particular needs of the applicant and provisos recommended by the CPC staff. Plaintiff contends that the City Planning Commission staff's recommendation of a zoning change different from that which was applied for and advertised constitutes some defect in the notice of the hearing and is therefore a violation of plaintiff's due process. However, the staff recommendation is nothing more than a suggestion of another option to the City Planning Commission. Surely, if the public can comment and offer alternatives, then the CPC's own staff can also. The CPC is not bound to consider or even mention it, and it is free to approve a recommendation of a yet a third alternative different from either the zoning change applied for or the staff recommendation.

Moreover, in many instances, the CPC staff suggests approval of the applied for zoning change, but with certain waivers that provide additional relaxation of the zoning laws or additional provisos or restrictions as conditions for allowing the zoning change. However, applying plaintiff's rational that unadvertised staff recommendations violate due process, would suggest that the staff's recommendation of a litter abatement plan would constitute a violation of due process if such a minor detail was not included in the zoning docket notice.

Plaintiff cites no laws or cases to support such a proposition and therefore, this argument is totally without merit.

## CONCLUSION

Based on the above arguments, it is clear that the complaint filed against the defendants by Odlan Holdings, L.L.C., on its face, fails to state a claim upon which relief can be granted, and should be dismissed with prejudice, without any further delay.

Respectfully submitted,

_____
EDWARD R. WASHINGTON, III, 21135
FRANZ L. ZIBILICH, 14914
MAVIS S. EARLY, 1343, City Attorney
New Orleans City Attorney's Office
1300 Perdido Street - Rm 5E03
New Orleans, Louisiana 70112
Telephone: (504) 565-6200

**CERTIFICATE OF SERVICE**

I certify that the foregoing pleading has been served on all counsel of record by placing same in the U.S. Mail this 20th day of March, 2001.

_____
EDWARD R. WASHINGTON, III

G:\LWINHSE\ZONING\ODLAN\12b6\oppsup1.wpd

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**