```
                                          FILED
                                       U.S. DISTRICT COURT
                                     EASTERN DISTRICT OF LA

                                     2001 MAR 27 AM 10: 54

                                       LORETTA G. WHYTE
                                             CLERK
```

MINUTE ENTRY
BARBIER, J.
MARCH 26, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ODLAN HOLDINGS, L.L.C.                    CIVIL ACTION

VERSUS                                    NO: 00-352

CITY OF NEW ORLEANS                       SECTION: "J" (4)

Before the Court is the **Motion to Reconsider Pursuant Federal Rule of Civil Procedure 60** (Rec. Doc. 27), filed by plaintiff Odlan Holdings, L.L.C. ("Odlan"). The motion, set for hearing on March 28, 2001, is before the Court on briefs without oral argument.

In its motion, Odlan seeks to have the Court reconsider its order of February 14, 2001 in which it granted the Garden District Association's ("GDA") Motion to Dismiss as unopposed, when Odlan failed to file an opposition (due February 6, 2001) or to respond in any way to the GDA's motion.

DATE OF ENTRY
MAR 2 7 2001



Federal Rule 60 provides in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect.

Plaintiff acknowledges that the GDA's Motion to Dismiss was served on its attorneys, but states that due to its placement by a paralegal in a stack of papers on the desk of the attorney handling the case, and a miscommunication between the attorneys at the two firms representing the plaintiff, the fact of the hearing did not register with the responsible attorney, and thus no opposition was filed. Plaintiff's counsel also alleges that a call to the clerk's office on the February 14, 2001 hearing date resulted in a miscommunication, because when inquiring about any motions pending on that date, both the docket clerk and the attorney mistakenly concluded that they were referring to another motion which was already under submission. Accordingly, plaintiff's counsel argues that he was "surprised to receive the Order of this Court, issued on February 15, 2001, dismissing the action against the GDA pursuant to its Motion to Dismiss." Memo in Support, 7.

What this Court cannot fathom is why, if counsel was in fact "surprised to receive the Order of this Court, issued on February 15, 2001," he would wait until March 16, 2001 to even apprise the Court of the situation. Under similar circumstances, the Court is accustomed to receiving a phone call immediately after service of the order granting the motion as unopposed, from a panicked attorney inquiring what he or she may do to make things right. In this case, the Court did not hear a word for approximately a month after it granted the Motion to Dismiss, when it received the instant Motion to Reconsider supported by an argument that can best be summed up as "it's my paralegal's fault," or alternatively, "it's the docket clerk's fault."

Upon review of the record, the Court finds that this constitutes neglect, but not neglect which is excusable. Accordingly, the Court finds that plaintiff's counsel has failed to meet the standard of Rule 60(b) for reconsideration.

An additional rationale for denying the Motion to Reconsider is that to grant the motion, and allow plaintiff's claims against the GDA to proceed, would be futile. The Court has ruled on two motions to dismiss filed by the City of New Orleans, ultimately finding that plaintiff has failed to state a claim for the constitutional violations alleged. As the Court has already

observed in another order, plaintiff has not alleged any facts to support a cause of action under § 1983 against the GDA, a private actor. Accordingly;

**IT IS ORDERED** that plaintiff's **Motion to Reconsider** (Rec. Doc. 27) should be and is hereby **DENIED**.

\* \* \* \* \* \* \* \* \* \*